John Joseph Volin, #009880
2033 East Warner Road, Suite 106
Tempe, Arizona  85284
Phone: (480) 820-5568
Fax:    (480) 820-3575
E-mail: joe@volinlaw.com
Attorneys for Plaintiffs/Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>DAVID THOMAS MATSON and<br>DEBORAH ANN MATSON,<br><br>Debtors. | Case No.  2-09-bk-21270<br><br>Chapter 13 Proceeding |
| BARCLAYS CAPITAL REAL ESTATE INC.,<br>dba HOMEQ SERVICING,<br><br>Movant<br><br>v.<br><br>DAVID THOMAS MATSON and DEBORAH ANN MATSON, Debtors; and RUSSELL A. BROWN, Chapter 13 Trustee,<br><br>Respondents. | **RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY** |

  Debtors/Respondents (hereafter referred to as "Respondents") David Thomas Matson and Deborah Ann Matson, through their attorney, John J. Volin of John Joseph Volin, P.C., respond to the Movant's Motion to Lift the Automatic Bankruptcy Stay as follows:

  1. Respondents deny the allegations contained in paragraphs 1, 2, 3, 4, 5 and 6 of Movant's Memorandum of Points and Authorities.

  2. In response to paragraph 7 of Movant's Memorandum of Points and Authorities, Respondents request that stay relief be denied

3. In response to paragraph 8 of Movant's Memorandum of Points and Authorities, Respondents deny that Movant is entitled to attorney fees.

4. Respondents deny the remainder of the allegations contained in Movant's Memorandum of Points and Authorities and affirmatively allege the following:

## ALTERNATIVE AFFIRMATIVE DEFENSES

A. **Failure to Prosecute the Case in the Name of the Real Party in Interest.**

The Respondents are informed and believe that the Movant is not the actual holder of the mortgage note and loan instruments in this case. Rather, the Respondents are informed and believe and therefore allege that the said note may actually owned by the Trustee of a residential mortgage-backed securitized trust. As a result, the motion should be dismissed under Rules 7017 and 9014 of the Bankruptcy Rules and Rule 17 of the Federal Rules of Civil Procedure for failure to prosecute the case in the name of the real party in interest.

B. **Defective Assignment.**

The purported assignment of the deed of trust that is attached to the motion for relief from stay conflicts with the alleged copy of the deed of trust that is attached to the Proof of Claim filed in this case. In addition, there is no proof of a continuous chain of assignments from the originator of the deed of trust to the current alleged beneficiary thereof, whoever that may be.

C. **Holder of the Note.**

The Movant does not lawfully own and/or hold the subject mortgage note by endorsement, delivery and acceptance or otherwise and was not the owner and lawful holder of the subject note on the date this motion for relief from stay was filed with this Court. Movant

has therefore failed to establish that it is the real party in interest or that it has legal standing to pursue this motion for relief from stay.

      D.    **Complete Lack of Standing.**

There is no valid endorsement of the mortgage note (corrective or otherwise) that is attached to the motion for relief from stay or that has been filed by the Movant as a supplement thereto that establishes that the Movant owned the mortgage or owned or held the subject promissory note either prior to or at the time it filed the motion for relief.

## Alternative Affirmative Defense and Conditional Counter-Motion Requesting the Recovery of Legal Fees and Expenses Under 28 USC 1927

In the event the motion for relief from the automatic stay is withdrawn by the Movant at any time prior to the conclusion of the final hearing on the merits or in the event this Court denies the motion for relief from stay based on one or more of the Affirmative Defenses pleaded herein or in the further event that the Court denies the motion upon a finding of one or more of the following facts:

      1.    This Court finds that the factual contentions in the motion were not based on a reasonable review of the account records of the Respondents as maintained by the Master Servicer, the Primary Servicer, the Subservicer, the Default Servicer, the Movant, or any third-party vendor; or

      2.    This Court finds that the alleged default in payments by the Respondents was based in whole or in part on any misapplication of payments from Respondents by the Movant or any other party; or

3. This Court finds that the alleged default in payments by the Respondents was based in whole or in part upon the use of payments made by the Respondents for the payment of or the credit against any fees or expenses of any nature whatsoever related to or arising out of the Respondents' mortgage loan that have not heretofore been approved by this Court after proper notice and hearing; or

4. This Court finds that the factual contentions in the motion were not supported by the evidence in the account records of the Respondents or, in the alternative, were inconsistent with the proofs of payment tendered as evidence by the Respondents and duly admitted as evidence by this Court; or

5. This Court determines that the motion was filed for some improper purpose such as to harass the Respondents or to cause unnecessary delay or needlessly increase the cost of this Chapter 13 bankruptcy case.

Then and in the event any one or more of such findings are made by this Court then the Respondents respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of the United States Code for the recovery of their legal fees and expenses from the Movant and/or the attorneys for the Movant.

In support of this conditional motion, the Respondents show unto the Court that Section 1927 of Title 28 of the United States Code, regarding Counsel's liability for excessive costs, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A district court has the inherent power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975) (internal quotations omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party. Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580 (1946). In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" Chambers v. Nasco, 501 U.S. 32, 46 (1991) (quoting Universal Oil, 328 U.S. at 580).

WHEREFORE, the Respondents having responded to the motion for relief filed herein for the purpose of reserving their right to hearing before the court respectfully pray of the court as follows:

A. That the Respondents be granted a preliminary hearing on all issues raised by the pleadings in this case;

B. That if applicable the Movant be ordered pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure to produce all current appraisal reports on the subject property, valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents prepared in connection with this loan before any court hearing;

C. That the court require the Movant pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure to produce a complete life of loan history of all receipts of payments since

the filing of this case (from the Trustee and the Respondents) and a detailed summary of the application and disbursement of all such payments;

D.      That if applicable the Movant be ordered to provide the Respondents with the name, address and telephone number of the current holder of the mortgage or note as provided for by Section 1641(f)(2) of Title 15 of the United States Code;

E.      That if applicable the Movant provide the Respondents with a list of each entity having any interest in the mortgage note that is the subject of this motion including, but not limited to, any broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F.      That if applicable the Movant be required to provide the Respondents for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to or received it from;

G.      That this response be treated as a written Request for Production of the Documents described herein, including the production of the lists and records as identified herein, said request being made pursuant to Rule 7034 of the Federal Rules of Civil Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that the court enter an order requiring such documents to be produced a least ten (10) days prior to any final hearing on this motion;

H.      That this response be treated as a Motion pursuant to Rule 9006(c)(1) of the Federal Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided for

herein to a period of no less than ten (10) days prior to the designated hearing date and that the Movant be ordered to fax legible copies of said documents to the attorney for the Respondents or to transmit the same by an expedited or express mail service;

      I.      That the court require the Movant to establish all facts in this case by way of sworn testimony by qualified and competent agents and employees of the Movant and to that extent the Respondents object to the use of any affidavits at this hearing and will only consent to the testimony of witnesses with actual and personal knowledge of the facts so that they can authenticate that any matter is what it is claimed to be;

      J.      That if applicable the motion be dismissed if the Movant fails to produce all of the requested documents at least five (5) days before the hearing date as requested herein and that sanctions be awarded against the Movant in the event thereof;

      K.      That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real party in interest, to join necessary and mandatory parties, or to include the Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

      L.      That if applicable this motion be dismissed for failure of the Movant to comply with the mandatory claim transfer and assignment Rules as provided for by Rule 3001(e) of the Federal Rules of Bankruptcy Procedure;

      M.      That the Respondents be granted a final hearing on all issues raised by the pleadings in this case;

      N.      That the attorney for the Respondents be awarded a non-base legal fee of $750.00 to be paid under the plan; and

O. That the Respondents have such other and further relief as to the court may seem just and proper.

DATED:  December 1, 2009					JOHN JOSEPH VOLIN, P.C.

							By: __/s/ JJV, #09880_____
							    John J. Volin, #09880
							    2033 E. Warner Rd., #106
							    Tempe, AZ  85284
							    Attorneys for Debtors/Respondents

COPY of the foregoing mailed
this 1st day of December 2009 to

Barclays Capital Real Estate, Inc.
Dba HomEq Servicing
c/o Mark S. Bosco, Esq.
2525 E. Camelback Road, 3rd Floor
Phoenix, AZ  85016
Movant

Russell A. Brown
Chapter 13 Trustee
3838 N. Central Ave., Suite 800
Phoenix, AZ  85012-1965

David and Deborah Matson
300 E. Kroll Dr.
Gilbert, AZ  85234
Debtors/Respondents

By: __/s/ JJV, #09880_____
    John J. Volin, #09880